1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH OLIVER, | Case No.  1:14-cv-00088-LJO-SAB |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM |
| v. | |
| DARRYL ADAMS, et al., | (ECF NO. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

Plaintiff Kenneth Oliver is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc-1 (the Religious Land Use and Institutionalized Persons Act of 2000) ("RLUIPA").  Currently before the Court is Plaintiff's complaint, filed January 16, 2014.  (ECF No. 1.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

1       A complaint must contain "a short and plain statement of the claim showing that the

2 pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

3 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

4 conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

5 Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate

6 that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v.

7 Williams, 297 F.3d 930, 934 (9th Cir. 2002).

8       Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

9 liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d

10 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be

11 facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

12 that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss

13 v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant

14 has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

15 liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572

16 F.3d at 969.

17                             **II.**

18                **COMPLAINT ALLEGATIONS**

19       Plaintiff is in the custody of the California Department of Corrections and Rehabilitation

20 and is incarcerated at California State Prison Corcoran ("Corcoran"). Plaintiff brings this action

21 against Secretary Matthew Cate, Warden Darryl Adams, Chief Deputy Warden R. Davis,

22 Associate Warden of Central Services F. P. Field, Muslim Chaplin A. El-Amin, Catholic Chaplin

23 E. Eburuche, Jewish Chaplin Y. Carron, Chief of Inmate Appeals N. Grannis, and Appeals

24 Examiner K. Kostecky alleging violation of his rights under the First, Eighth, and Fourteenth

25 Amendments and RLUIPA.

26       Plaintiff has been a faithful adherent of the Shetaut Neter religion since 2000. (Compl. 7,

27 ECF No. 1.) Plaintiff has sincerely held religion beliefs that require him to study the texts of his

28 religion, worship on a prayer mat three times per day, maintain a strict vegetarian diet, attend

group worship services, and honor specific religious holidays.  (Id. at ¶ 2.)  After arriving at Corcoran, Plaintiff submitted a request for interview to the chaplain requesting a vegetarian diet consistent with his religious practice and requested information on how he could receive his prayer rug and other items related to his religious practice.  (Id. at ¶ 3.)  When he received no response, Plaintiff submitted an inmate appeal seeking accommodation of his religious beliefs.  (Id. at ¶ 4.)

On July 29, 2009, Plaintiff was interviewed by Defendant El-Amin who informed him that no group religious services were permitted in the Secured Housing Unit ("SHU").  Plaintiff was informed that his religious diet would need to be coordinated through the Institution Food Services and airing of religious DVDs and tapes on the in-house television channels was managed through the institution educational heads.  Defendant El-Amin told Plaintiff that he would order a set of books and scriptural texts for Plaintiff to study.  (Id. at ¶ 5.)  Plaintiff's appeal was denied at all further levels of review.  (Id. at ¶ 6.)

Plaintiff submitted additional requests for religious service access that were ignored or denied.  (Id. at ¶ 7.)  Although Plaintiff offered to accept the standard no meat diet that was offered by Corcoran if they would replace any dairy, egg, or products containing refined sugar with whole fruits and vegetable that were being provided to Jewish inmates, Plaintiff's dietary needs were not accommodated.  (Id.)  Plaintiff alleges that the denial of his ability to practice his religious beliefs is cruel and unusual punishment and that he is being denied the opportunity to practice with prayer rugs, a religious diet, and religious programming that is provided to inmates of other faiths.  (Id. at ¶¶ 8, 9.)

## III.

## DISCUSSION

### A.    Linkage Requirement

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  To state a claim, Plaintiff must

1    demonstrate that each defendant personally participated in the deprivation of his rights.   Iqbal,

2    556 U.S. at 677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010);

3    Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).

4         Liability may not be imposed on supervisory personnel for the actions or omissions of

5    their subordinates under the theory of respondeat superior.  Iqbal, 556 U.S. at 676; U, 609 F.3d at

6    1020-21; Ewing, 588 F.3d at 1235.  Supervisors may be held liable only if they "participated in

7    or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v.

8    List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir.

9    2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

10        While Plaintiff names multiple defendants in this action, he only includes factual

11   allegations against Defendant El-Amin.  Accordingly, Plaintiff fails to state a claim under section

12   1983 against any of the remaining defendants.

13        Plaintiff will be given the opportunity to file an amended complaint curing the

14   deficiencies in his complaint, if he wishes to do so.  In the paragraphs that follow, the Court will

15   provide Plaintiff with the legal standards that appear to apply to his claims.  Plaintiff should

16   carefully review the standards and amend only those claims that he believes, in good faith, are

17   cognizable.

18        If Plaintiff files an amended complaint, his allegations need not and should not be

19   lengthy.  Plaintiff is required only to link the involved defendants to the violations at issue in this

20   action.  However, although brief, Plaintiff's allegations must be sufficient to demonstrate that a

21   violation occurred and describe how each defendant was involved.

22        **A.    Free Exercise**

23        "Prison walls do not form a barrier separating prison inmates from the protections of the

24   Constitution."  Turner v. Safley, 482 U.S. 78, 84 (1987).  Nevertheless, prisoners' constitutional

25   rights are subject to substantial limitations and restrictions in order to allow prison officials to

26   achieve legitimate correctional goals and maintain institutional security.  O'Lone v. Estate of

27   Shabazz, 482 U.S. 342, 348 (1987); Bell v. Wolfish, 441 U.S. 529, 546-47 (1979).

28

"Inmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone, 482 U.S. at 348 (internal quotations and citations omitted). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), overruled in part by Shakur, 514 F.3d at 884-85. However, an inmate's rights and privileges are necessarily limited by the fact of incarceration and may be curtailed to achieve legitimate correctional goals or maintain institutional security. O'Lone, 482 U.S. at 348. To prevail on his free exercise claim, Plaintiff must allege facts to plausibly show that the government denied him a "reasonable opportunity of pursuing [his] faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts." Hartmann v. California Dep't of Corrections and Rehabilitation, 707 F.3d 1114, 1122 (9th Cir. 2013) (quoting O'Lone, 482 U.S. at 348).

Plaintiff is housed in the SHU and, while he claims that he is being denied a prayer rug, an ascetic diet, group worship services, and religious programming on in-house television, he does not allege that his religious practice is being substantially burdened without any justification reasonably related to legitimate penological interests. Shakur, 514 F.3d at 884. For that reason, Plaintiff fails to state a plausible claim for violation of the free exercise clause of the First Amendment.

**B.    Equal Protection**

The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Thornton v. City of St.

1  Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564

2  (2000).

3          Plaintiff alleges that he is being denied a meaningful opportunity to worship with prayer

4  rugs, religious diets, and religious television programing on institutional channels that have been

5  provided to prisoners of other faiths.  Plaintiff alleges that Defendant El-Amin told him that no

6  group religious services or prayer rugs are permitted in the SHU so he is not being treated

7  differently than inmates of other religions that are house in the SHU in that regard.  Defendant

8  El-Amin also informed Plaintiff that he needed to coordinate his diet through Institutional Food

9  Services and that he would order a set of books and scriptural texts for Plaintiff to read and

10  study.  Plaintiff's complaint does not indicate that he was intentionally discriminated against due

11  to his religion.  Plaintiff fails to state an equal protection claim.

12          **C.     Cruel and Unusual Punishment**

13          Plaintiff contends that the denial of his religious rights is cruel and unusual punishment in

14  violation of the Eighth Amendment.  To constitute cruel and unusual punishment in violation of

15  the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction

16  of pain."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Where a particular amendment

17  provides an explicit textual source of constitutional protection against a particular sort of

18  government behavior, that Amendment, . . . must be the guide for analyzing a plaintiff's claims."

19  Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets

20  omitted) overruled on other grounds by Unitherm Food Systems, Inc. V. Swift –Eckrick, Inc.,

21  546 U.S. 394 (2006); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).  Plaintiff's

22  claims of denial of religious accommodation do not arise under the Cruel and Unusual clause of

23  the Eighth Amendment, but are subsumed within his First Amendment and RLUIPA claims.

24          **D.     RLUIPA**

25          To state a claim under RLUIPA a plaintiff must show that a person acting under color of

26  state law "imposed a substantial burden on his religious exercise."  Florer v. Congregation

27  Pidyon Shevuyim, N.A., 639 F.3d 916, 921 (9th Cir. 2011).  Under RLUIPA a plaintiff bears the

28  initial burden of setting forth a prima facie claim that there is a substantial burden on the exercise

1   his religious beliefs.  Warsoldier v. Woodford, 418 F.3d 989, 994 (9th Cir. 2005.)  RLUIPA is to

2   be broadly construed in favor of protecting the inmate's right to exercise his religious beliefs.

3   Warsoldier, 418 F.3d at 995.

4           The first step is to identify the religious exercise that is being affected and then determine

5   if the policy at issue is a substantial burden on that religious exercise.  Greene v. Solano County

6   Jail, 513 F.3d 982, 987 (9th Cir. 2008).  RLUIPA defines "religious exercise" as "any exercise of

7   religion, whether or not compelled by, or central to, a system of religious belief."  42 U.S.C §

8   2000cc-5(7)(A).  To violate RLUIPA, Plaintiff must show that the denial of services placed a

9   substantial burden on his right to exercise his religion.   "In the context of a prisoner's

10  constitutional challenge to institutional policies, [the Ninth Circuit] has held that a substantial

11  burden occurs 'where the state ... denies [an important benefit] because of conduct mandated by

12  religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to

13  violate his beliefs.' "  Hartman, 707 F.3d at 1124-25 (quoting San Jose Christian Coll. v. City of

14  Morgan Hill, 360 F.3d 1024, 1034 (9th Cir. 2004)).  An outright ban of a religious exercise has

15  been held to place a substantial burden on an inmate's right to exercise his religious beliefs.

16  Greene, 513 F.3d at 988.

17          Although Plaintiff alleges that Defendant El-Amin interviewed him in response to his

18  request for religious accommodation, he fails to link Defendant El-Amin to any denial that

19  placed a substantial burden on his religious exercise.  Defendant El-Amin informed Plaintiff that

20  he was able to obtain religious books and fundamental religious materials, but no group religious

21  services or prayer mats were permitted in the SHU.  (Compl. 15, ECF No. 1.)  While Plaintiff

22  claims that he was denied a religious diet, Defendant Iman informed him he needed to coordinate

23  his diet through Institutional Food Services for the specifics of his dietary requirements.  Plaintiff

24  has not included any allegations regarding the response from Food Services or whether any

25  accommodation was provided.

26          Similarly, Plaintiff alleges that he was not provided religious television programming.

27  Plaintiff was informed that this was coordinated through the institution educational heads, but the

28

1  complaint does not include any allegations regarding any programming that would be available

2  in his religion that could have been provided.

3      Further, Plaintiff is advised that pursuant to 42 U.S.C. § 2000cc-2(a) an individual may

4  assert a claim under RLUIPA "and obtain appropriate relief against a government."  The law is

5  clearly established that the Eleventh Amendment bars a suit for damages under RLUIPA against

6  defendants in their official capacity.  Sossamon v. Texas, __ U.S. __, 131 S. Ct. 1651, 1655

7  (2011); Holley v. California Dep't of Corrections, 599 F.3d 1108, 1114 (9th Cir. 2010).  While

8  the Ninth Circuit has not ruled on the issue, the Fifth, Seventh, and Eleventh Circuits have

9  concluded that RLUIPA does not provide for a damage award against officials acting in their

10  individual capacities.  Florer, 639 F.3d at 922 n.3.  The Court finds no reason to depart from the

11  reasoning of the courts that have addressed this issue and found that damages are not available

12  under RLUIPA.  Since RLUIPA does not provide for monetary damages, Plaintiff may only seek

13  injunctive relief for his RLUIPA claims.

14                                          **VI.**

15                          **CONCLUSION AND ORDER**

16      For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief

17  for a violation of his federal rights.  Plaintiff is granted leave to file an amended complaint within

18  thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change

19  the nature of this suit by adding new, unrelated claims in his amended complaint.  George v.

20  Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

21      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

22  each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal

23  rights, Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and

24  focus on the duties and responsibilities of each individual defendant whose acts or omissions are

25  alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th

26  Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

27  right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

28

1  Finally, an amended complaint supersedes the original complaint, <u>Forsyth v. Humana,</u>

2  <u>Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987),

3  and must be "complete in itself without reference to the prior or superseded pleading," Local

4  Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an

5  amended complaint are waived."   <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers &</u>

6  <u>Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

7  Based on the foregoing, it is HEREBY ORDERED that:

8  1.  The Clerk's Office shall send Plaintiff a civil rights complaint form;

9  2.  Plaintiff's complaint, filed January 16, 2014, is dismissed for failure to state a

10  claim upon which relief may be granted under section 1983;

11  3.  Within thirty (30) days from the date of service of this order, Plaintiff shall file an

12  amended complaint; and

13  4.  If Plaintiff fails to file an amended complaint in compliance with this order, this

14  action will be dismissed, with prejudice, for failure to state a claim.

15

16  IT IS SO ORDERED.

17  Dated:   **June 10, 2014**

18  UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28